# EXHIBIT "A"

EFiled: Jul 16 2010 2:29PM
Transaction ID 32178519
Case No. N10C-07-159 DCS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| MITCHELL CARTER and SARAH CARTER, H/W<br><br>Plaintiffs,<br><br>v.<br><br>PAUL E. NICKLE and QUALITY CARRIERS, INC. a/k/a QUALITY DISTRIBUTION, INC. a/k/a QUALITY DISTRIBUTION SERVICES, INC. a/k/a QUALITY DISTRIBUTION, LLC. and OCL Corporation<br><br>Defendants | C.A. No: |

## COMPLAINT

1. Plaintiffs, Mitchell Carter and Sarah Carter, h/w, are adult individuals and residents of the State of Delaware residing at 3604 Cindy Drive, Newark, Delaware 19702.

2. Defendant, Paul E. Nickle, is an individual resident of the State of Maryland residing at 406 Stevens Road, Rising Sun, Maryland 21911. Mr. Nickle is employed by Quality Carriers, Inc. and/or OCL Corporation.

3. Defendant, Quality Carriers, Inc. a/k/a Quality Distribution, Inc. a/k/a Quality Distribution Services, Inc. a/k/a Quality Distribution, LLC (hereinafter "Quality") is a State of Illinois Corporation with a principal place of business at 7745 W. 59th Street, P.O. Box 425, Summit, Illinois 60501 and/or 401 Park Oaks Boulevard, Suite 200, Tampa, Florida 33610 and d/b/a in the State of Delaware with an office address at 4029 New Castle Avenue, New Castle, Delaware 19720 and an agent for service of The Company Corporation located at 2711 Centerville Road,

      Suite 400, Wilmington, Delaware 19808.

4. Defendant, OCL Corporation is a State of South Carolina Corporation doing business in the State of Delaware whose agent for service of process is Charles Gruver III, PA, 724 Yorklyn Road, Suite 315, Stone Mill Office Park, Hockessin, Delaware 19707.

4. At all times relevant hereto, Defendant, Paul E. Nickle, was acting in the course and scope of his employment or as an agent of Defendant Quality and is responsible to Plaintiff for Defendants' negligence, carelessness and recklessness.

5. On July 17, 2008, Plaintiff, Mitchell Carter, was the passenger of a 1999 Honda Civic traveling eastbound in the right hand lane of Route 273 Christiana Road in New Castle County, Delaware.

6. At the time and place aforesaid, Defendant, Paul E. Nickle, was traveling eastbound in the left hand lane of Route 273 Christiana Road in New Castle County, Delaware when suddenly and without warning, Defendant, Paul E. Nickle made an improper lane change and violently striking the left side of Plaintiff's vehicle causing severe personal injuries to Plaintiff.

8. Defendant, Paul E. Nickle was cited at the scene of the aforementioned accident for making an improper lane change (Ticket No. T020805149 – Violation Charge Code 4122-1).

9. The aforementioned collision resulted in personal injuries to the Plaintiff.

10. As a direct and proximate result of the Defendants' negligence, the Plaintiff Mitchell Carter, suffered severe personal injuries, both of a temporary and permanent nature, including, but not limited to, his neck and back.

07/30/2010 13:56 3022213343 PAULAWERNLE PAGE 12/24

11. As a further consequence of the negligence of the Defendants, the Plaintiff, Mitchell Carter, has experienced and continues to experience, and is likely to experience in the future, substantial physical pain and suffering and discomfort.

12. As a further consequence of his injuries, Plaintiff, Mitchell Carter, has experienced, continues to experience and is likely to experience in the future, emotional pain, suffering and nervousness.

13. As a further result of the negligence of the Defendants, the Plaintiff, Mitchell Carter, has incurred, and may in the future continue to incur, medical bills for the treatment of his injuries sustained in the accident.

14. As a further consequence of his injuries, Plaintiff, Mitchell Carter, has suffered and may in the future suffer a loss of earnings and an impairment of earning capacity.

## COUNT I

### CLAIM AGAINST DEFENDANT PAUL E. NICKLE

15. Paragraphs 1 through 14 are incorporated herein by reference.

16. The direct and proximate cause of the aforesaid accident was the negligence of the Defendant, Paul E. Nickle as follows:

   (a) Defendant, Paul E. Nickle failed to give full time and attention to the operation of his vehicle, in violation of 21 Del.C. §4176(b);

   (b) Defendant, Paul E. Nickle failed to maintain a proper lookout while operating his vehicle, in violation of 21 Del C. §4176(b);

   (c) Defendant, Paul E. Nickle drove his vehicle in willful and wanton disregard for the safety of persons and property on said roadway, in

3

violation of 21 Del.C. §4175(a);

(d) Defendant, Paul E. Nickle operated his vehicle in a careless and imprudent manner, without due regard for the road, weather, and traffic conditions then existing, in violation of 21 Del.C. §4176(a);

(e) Defendant, Paul E. Nickle operated a vehicle, which was not equipped with brakes adequate to control the movement of and stop such vehicle, in violation of 21 Del.C. §4303(a);

(f) Defendant, Paul E. Nickle failed to have his vehicle under proper and adequate control at the time of the collision, in violation of the common law duty of care he had to others on the roadway, including the Plaintiff, Mitchell Carter;

(g) Defendant, William Lucas failed to maintain and keep a proper lookout for persons and other vehicles in the area, in violation of the common law duty of care he had to others on the roadway, including the Plaintiff, Mitchell Carter;

(h) Defendant, Paul E. Nickle failed to operate his vehicle as a reasonable and prudent person under the circumstances in doing the aforesaid acts set out in sub-paragraphs (a) through (g), in violation of the common law duty of care he had to others on the roadway, including the Plaintiff, Mitchell Carter;

(i) Defendant failed to maintain a proper distance between his vehicle and the Plaintiff's vehicle in violation of 21 Del.C. § 4123 (a);

(j) Defendant made an improper lane change in violation of

4

21 Del. C. § 4122 (1);

(k) Defendant, Quality Carrier, Inc.'s employee was otherwise negligent.

## COUNT II

### PLAINTIFF'S CLAIM AGAINST QUALITY CARRIERS, INC.

17. Paragraphs 1 through 16 are incorporated herein by reference.

18. The direct and proximate cause of the aforesaid accident was the negligence of the Defendant, Quality Carriers, Inc. as follows:

(a) Defendant, Quality Carriers, Inc.'s employee failed to give full time and attention to the operation of his vehicle, in violation of 21 Del.C. §4176(b);

(b) Defendant, Quality Carriers, Inc.'s employee failed to maintain a proper lookout while operating his vehicle, in violation of 21 Del C. §4176(b);

(c) Defendant, Quality Carriers, Inc.'s employee drove his vehicle in willful and wanton disregard for the safety of persons and property on said roadway, in violation of 21 Del.C. §4175(a);

(d) Defendant, Quality Carriers, Inc.'s employee operated his vehicle in a careless and imprudent manner, without due regard for the road, weather, and traffic conditions then existing, in violation of 21 Del.C. §4176(a);

(e) Defendant, Quality Carriers, Inc.'s employee operated a vehicle, which was not equipped with brakes adequate to control the movement of and stop such vehicle, in violation of 21 Del.C. §4303(a);

(f) Defendant, Quality Carriers, Inc.'s employee failed to have his vehicle under proper and adequate control at the time of the collision, in violation

5

of the common law duty of care he had to others on the roadway, including the Plaintiff, Mitchell Carter;

(g) Defendant, Quality Carriers, Inc.'s employee failed to maintain and keep a proper lookout for persons and other vehicles in the area, in violation of the common law duty of care he had to others on the roadway, including the Plaintiff, Mitchell Carter;

(h) Defendant, Quality Carriers, Inc.'s employee failed to operate his vehicle as a reasonable and prudent person under the circumstances in doing the aforesaid acts set out in sub-paragraphs (a) through (g), in violation of the common law duty of care he had to others on the roadway, including the Plaintiff, Mitchell Carter;

(i) Defendant failed to maintain a proper distance between his vehicle and the Plaintiff's vehicle in violation of 21 Del.C. § 4123 (a);

(j) Defendant made an improper lane change in violation of

21 Del. C. § 4122 (1);

(k) Defendant, Quality Carriers, Inc.'s employee was otherwise negligent.

## COUNT III

### PLAINTIFFS' CLAIM AGAINST OCL CORPORATION

19. Paragraphs 1 through 18 are incorporated herein by reference.

20. The direct and proximate cause of the aforesaid accident was the negligence of the Defendant, OCL Corporation. as follows:

(a) Defendant, OCL Corporation's employee failed to give full time and attention to the operation of his vehicle, in violation of 21 Del.C.

6

§4176(b);

(b) Defendant, OCL Corporation's employee failed to maintain a proper lookout while operating his vehicle, in violation of 21 Del C. §4176(b);

(c) Defendant, OCL Corporation's employee drove his vehicle in willful and wanton disregard for the safety of persons and property on said roadway, in violation of 21 Del.C. §4175(a);

(d) Defendant, OCL Corporation's employee operated his vehicle in a careless and imprudent manner, without due regard for the road, weather, and traffic conditions then existing, in violation of 21 Del.C. §4176(a);

(e) Defendant, OCL Corporation's employee operated a vehicle, which was not equipped with brakes adequate to control the movement of and stop such vehicle, in violation of 21 Del.C. §4303(a);

(f) Defendant, OCL Corporation's employee failed to have his vehicle under proper and adequate control at the time of the collision, in violation of the common law duty of care he had to others on the roadway, including the Plaintiff, Mitchell Carter;

(g) Defendant, OCL Corporation's employee failed to maintain and keep a proper lookout for persons and other vehicles in the area, in violation of the common law duty of care he had to others on the roadway, including the Plaintiff, Mitchell Carter;

(h) Defendant, OCL Corporation's employee failed to operate his vehicle as a reasonable and prudent person under the circumstances in doing the aforesaid acts set out in sub-paragraphs (a) through (g), in violation of the

7

        common law duty of care he had to others on the roadway, including the Plaintiff, Mitchell Carter;

(i)   Defendant failed to maintain a proper distance between his vehicle and the Plaintiff's vehicle in violation of 21 Del.C. § 4123 (a);

(j)   Defendant made an improper lane change in violation of 21 Del. C. § 4122 (1);

(k)   Defendant, OCL Corporation's employee was otherwise negligent.

## COUNT IV

## PLAINTIFF SARAH CARTER'S CLAIM AGAINST DEFENDANTS

21. Plaintiffs reallege and incorporate paragraphs 1 through 18 above by reference, as though fully set forth herein.

22. As a result of her husband's injuries sustained in this accident, Plaintiff Sarah Carter has suffered the loss of society, comfort, companionship, and consortium of her husband, Mitchell Carter. Plaintiff, Sarah Carter will continue to lose the society, comfort and consortium of her husband in the future.

**WHEREFORE**, the Plaintiff, Mitchell Carter, prays that this Court enter judgment against the Defendants, Paul E. Nickle and Quality Carriers, Inc. a/k/a Quality Distribution, Inc. a/k/a Quality Distribution Services, Inc. a/k/a Quality Distribution, LLC and OCL Corporation for all compensatory and special damages and for the cost of this action, along with any other relief that this Court may deem proper.

**LAW OFFICE OF PAUL A. WERNLE, JR.**

/s/ Paul A. Wernle, Jr.

---

Paul A. Wernle, Jr., Esquire (I.D. #2461)
New Castle Corporate Commons
92 Reads Way, Suite 106
New Castle, DE  19720
(302) 221-3340
Attorney for Plaintiff

DATE: July 16, 2010

9